J-S26007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RAYNARD TAYLOR, :
:
Appellant : No. 1944 EDA 2018

Appeal from the PCRA Order Entered June 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0706561-2006

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI[*], J.

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 09, 2019**

Raynard Taylor appeals from the order entered in the Court of Common Pleas of Philadelphia County, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly recount the relevant facts and procedural history of this case.

On February 19, 2006, at approximately 12:55 p.m., [A]ppellant shot the victim, Rath Chamroeun, in the stomach. The victim refused to identify [A]ppellant at trial despite having identified him as the perpetrator in prior statements to police and in a photographic line-up. Thus, the victim's prior out-of-court statements were admitted at trial as substantive evidence of [A]ppellant's guilt. On March 25, 2008, following a non-jury trial before the Honorable M. Harold Kane, [A]ppellant was found guilty of aggravated assault, criminal attempt to commit murder, possession of an instrument of a crime, and two firearms violations.[1] . . .

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 901(a), 907(a), 6106(a), and 6108.

*Commonwealth v. Taylor*, 2821 EDA 2008, 1-2 (Pa. Super., filed Jan. 31, 2011) (unpublished memorandum).

On September 11, 2008, the trial court sentenced Appellant to not less than fifteen nor more than thirty years of incarceration for the attempted murder conviction, and imposed a consecutive sentence of ten years of probation for aggravated assault. The court imposed no sentence on the remaining counts.

Appellant filed a direct appeal on October 9, 2008, which this Court dismissed for failure to file a brief. On December 1, 2009, after finding that Appellant's counsel had abandoned him, this Court granted Appellant's request to file a direct appeal *nunc pro tunc*, and appointed new counsel. On January 31, 2011, this Court affirmed Appellant's conviction and sentence. *See Taylor*. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 31, 2012.

Appellant filed the instant PCRA petition, his first, on December 14, 2012. The PCRA court appointed counsel, who filed an amended petition on March 2, 2015. The PCRA court granted the petition, in part, agreeing that the sentences for aggravated assault and attempted murder should have merged, and denied Appellant's other claims for relief.[2] This timely appeal followed.

---

[2] The PCRA court vacated the ten-year probation sentence for aggravated assault, and merged the sentences for aggravated assault and attempted murder.

- 2 -

Appellant raises one question on appeal.

1. Whether the PCRA [c]ourt erred by denying [Appellant] post-conviction relief because trial counsel was ineffective for failing to file a post-sentence motion and preserve the claim that the verdict was against the weight of the evidence[?]

Appellant's Brief, at 2.

Our scope and standard of review is as follows.

We review the denial of PCRA relief for a determination of whether the PCRA court's findings are supported by the record and free of legal error.  A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S.[A.] § 9543(a)(2).

To be eligible for relief under the PCRA, an appellant must prove that his conviction resulted from one of several enumerated events, including the ineffective assistance of counsel.

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.  *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975-76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs."  *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000). . . . Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise.

*Commonwealth v. Johnson*, 179 A.3d 1105, 1113–14 (Pa. Super. 2018),

*appeal denied*, 197 A.3d 1174 (Pa. 2018) (some citations and formatting

omitted).

Here, Appellant claims that the verdict was against the weight of the evidence because the victim testified that he did not see and could not identify who shot him, and the Commonwealth's eyewitness testified that he could neither see the shooter's face, nor describe the shooter. *See* Appellant's Brief, at 10. Therefore, Appellant argues that the credibility of the Commonwealth's witnesses is in question, and trial counsel was ineffective for failing to file a post sentence motion preserving his claim that the verdict was against the weight of the evidence. We disagree.

"It is well-settled that a weight of the evidence claim must be preserved in a motion before the trial court, and that this Court will only review the trial court's exercise of discretion in considering whether a new trial is necessary." *Commonwealth v. Smith*, 181 A.3d 1168, 1186 (Pa. Super. 2018), *appeal denied*, 193 A.3d 344 (Pa. 2018) (citations omitted).

> [O]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Id.* at 1187 (brackets in original; citation omitted).

Here, the PCRA court rejected Appellant's claim of ineffective assistance of counsel. Specifically, it found that the victim "knew the Appellant, was able to identify him, and recanted out of fear of retaliation." PCRA Court Opinion, 11/29/18, at 7. Therefore, it held that because the verdict did not shock the

conscience, the underlying claim lacked merit, and Appellant failed to meet the first prong of the **Pierce** test.

Upon review, we conclude that the PCRA court's findings are supported by the record. Appellant did not meet his burden to prove ineffective assistance of counsel because he failed to show that his underlying weight claim had arguable merit. **See Smith**, **supra** at 1186. Accordingly, we hold that the PCRA court did not err by denying Appellant relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/19